UNITED STATES DISTRICT COURT
                         DISTRICT OF MAINE

| | | |
|---|---|---|
| Old Town Utility & Technology | ) | |
| Park, LLC, Relentless Captital | ) | |
| Company, LLC and | ) | |
| Samuel Eakin | ) | |
| | ) | |
| Plaintiffs, | ) | 2:17-cv-00342-JDL |
| | ) | |
| v. | ) | |
| | ) | |
| MFGR, LLC, and | ) | |
| William Firestone, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON THE PLAINTIFFS' MOTION FOR A TEMPORARY
RESTRAINING ORDER**

The matter before the Court is the Plaintiffs' Motion for Temporary Restraining Order (ECF No. 4).

By a verified complaint filed in the Cumberland County Superior Court, the plaintiffs, Old Town Technology Park, LLC ("OTU"), Relentless Capital Company, LLC, and Samuel Eakin, seek injunctive and other relief in connection with the purchase and sale of the Expera Mill Facility located in Old Town, Maine. The Facility is owned by Defendant MFGR, who purchased it in January 2016. The complaint asserts that after nearly a full year of negotiation between MFGR, OTU, and others, MFGR ultimately decided to sell the Facility to a competing buyer. The complaint seeks relief based on a number of theories, including Breach of Contract, Specific Performance, Promissory Estoppel, Unjust Enrichment, and Conspiracy in

Restraint of Trade. On September 1, 2017, the defendants removed the action to this Court based on diversity of citizenship jurisdiction, 28 U.S.C.A. § 1332(a) (2017).

An ex parte hearing was held on Plaintiffs' Motion for Temporary Restraining Order on September 6, 2017. Plaintiffs seek to enjoin the Defendants "from directly or indirectly affecting the transfer of any of the real property, improvements, fixtures, equipment or other property and rights associated with the Expera Mill Facility." ECF No.4 at 1. The motion alleges that Defendants' counsel had confirmed that the Defendants intended to complete the closing on the sale of the Facility by August 31, 2017. In response to my inquiries at the ex parte hearing, Plaintiffs' counsel stated that a closing on the sale of the facility had not been held and that he understood that because of difficulties associated with the financing, a closing on the sale of the Facility would not be completed for a few weeks.

In accordance with Rule 65 of the Federal Rules of Civil Procedure, the court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Rule further requires that the order expire in 14 days or less, unless the court has good cause to extend it or the adverse party consents to an extension. Fed. R. Civ. P. 65(b)(2). Here, based upon the information provided at ex parte the hearing, a hearing can be scheduled and completed on Plaintiffs' request for a preliminary injunction within 14 days, and with notice to the Defendants.

Accordingly, plaintiffs have not shown that they will suffer immediate and irreparable harm before the defendants can be heard in opposition to the motion.

Plaintiffs' Emergency Motion for Temporary Restraining Order (ECF No. 4) is **DENIED**. The court will conduct a telephonic conference with all counsel to discuss the scheduling of a Preliminary Injunction hearing.

**SO ORDERED.**

Dated this 6th day of September 2017.

/s/ JON D. LEVY  
**U.S. DISTRICT JUDGE**