UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| OLD TOWN UTILITY & <br> TECHNOLOGY PARK, LLC, <br> RELENTLESS <br> CAPITAL COMPANY, LLC, <br> and SAMUEL EAKIN <br><br> Plaintiffs, <br><br> v. <br><br> MFGR, LLC, WILLIAM <br> FIRESTONE, OLD TOWN <br> HOLDINGS II, LLC and <br> JOSEPH EVERETT DESCHENES <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 2:17-cv-00342-JDL |

**ORDER ON PLAINTIFFS' MOTION TO REMAND**

The Plaintiffs, Old Town Utility & Technology Park, LLC; Relentless Capital Company, LLC; and Samuel Eakin, seek injunctive and other relief in connection with their effort to purchase the Expera Mill Facility located in Old Town, Maine. Defendant MFGR LLC owns the Facility. Defendant Old Town Holdings, LLC, whose sole member is Defendant Joseph Everett Deschenes, was previously a member of Old Town Utility & Technology Park, LLC. The Plaintiffs filed their complaint in the Cumberland County Superior Court and the Defendants removed the action to this Court based on diversity of citizenship jurisdiction, 28 U.S.C.A. § 1332(a) (2017).[1]

---

[1] In their Notice of Removal, ECF No. 1, Defendants asserted that the court had diversity jurisdiction because the amount-in-controversy exceeded $75,000 and complete diversity existed. They argued that, upon information and belief, Plaintiff Old Town Utility & Technology Park, LLC, had a single member, Relentless Capital Company, LLC ("Relentless"), and that Relentless, in turn, had only one member, Maine resident and citizen Samuel Eakin. Because Defendant William Firestone was a

The Plaintiffs have since amended their complaint, adding two Maine Defendants—Joseph Everette Deschenes and Old Town Holdings II, LLC—thus ending the complete diversity required for a Federal Court to exercise diversity of citizenship jurisdiction. *In re: Olympic Mills Co.*, 477 F.3d 1, 6 (1st Cir. 2007) ("In cases involving multiple plaintiffs or defendants, the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action."). The Plaintiffs now move to remand the case to the Superior Court and for an award of attorney's fees and costs.

The Defendants MFGR, LLC and William Firestone do not oppose remand, conceding that the Plaintiffs' addition of Old Town Holdings II, LLC, and William Deschenes as Defendants in the First Amended Complaint destroys complete diversity and, with it, the Court's subject-matter jurisdiction. They do oppose the Plaintiffs' request for an award of attorney's fees and costs.

In support of their request for attorney's fees and costs, the Plaintiffs argue that the Defendants failed to adequately investigate the citizenship of Relentless which, Plaintiffs explain, has four members who are, respectively, citizens of Massachusetts, California, Maine, and Germany. The Plaintiffs note that the original complaint was silent as to whether Relentless had more than one member, and they contend that it was unreasonable for the Defendants to assume that Samuel Eakin was Relentless' sole member because the complaint identified him only as Relentless' "Managing Director" and was otherwise silent as to the identity or number

---

resident and citizen of the state of Massachusetts, and Defendant MFGR was a limited liability company with members who are citizens of Massachusetts, California, and Illinois, the Defendants believed there was complete diversity of citizenship.

of Relentless' members. They contend that "'[m]anaging director' would be at best an unusual title to give to an individual who was a limited liability company's sole member." ECF No. 18 at 5.

In response, the Defendants argue that during the parties' course of dealings, the Defendants never dealt with anyone representing or associated with Relentless other than Samuel Eakin; that Eakin was the only person identified in the complaint as being part of Relentless; and that Eakin is listed with the Maine Secretary of State as Relentless' registered agent. Thus, the Defendants contend that at the time they sought removal, the lack of diversity arising from Relentless' membership was far from obvious and it was objectively reasonable for them to proceed as they did.

A court may award attorney's fees and costs under 28 U.S.C. § 1447(c) (2017) for a case that was improvidently removed to federal court only if it finds that Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 141 (2005). There is no presumption in favor of awarding attorney's fees under § 1447(c); the court is authorized to award costs and fees "but only when such an award is just." *Id.* at 138. Thus, the standard for awarding fees turns on "the reasonableness of the removal [and] . . . when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

Here, the Defendants had an objectively reasonable basis to believe removal was appropriate when they filed their Notice for Removal. Throughout the Defendants' business relationship with the Plaintiffs, Samuel Eakin was the only person associated with Relentless that was known to the Defendants. In addition, the Plaintiffs' complaint indicated that Relentless is a Maine company with its

principal place of business in Maine, and that Eakin resides in Maine. There was no mention of other members. Because every Limited Liability Company is required to have a Registered Agent, *see* 31 M.R.S.A. § 1661 (2017), Eakin's listing as the Registered Agent for Relentless did not indicate that the company has more than one member.

A Defendant's removal decision must be made at the outset of litigation, before discovery. It is not unreasonable for a defendant to rely on the information derived from the parties' prior dealings and the allegations of the complaint to determine whether there is a basis for removal. In addition, the Plaintiffs have not suggested that information about Relentless' membership was available to the Defendants through public records, an Internet search, or otherwise. Thus, based on the information known to the Defendants here, it was not objectively unreasonable for them to infer that Samuel Eakin was Relentless' sole member at the time they filed the Notice of Removal.

Accordingly, an award of attorney's fees and costs to the Plaintiffs under § 1447(c) is unwarranted. The Plaintiffs' Motion to Remand (ECF No. 18) is **GRANTED**, except that the Plaintiffs' request for an award of attorney's fees and costs is **DENIED**.

**SO ORDERED.**

**Dated this 20th day of 2017**

/s/ JON D. LEVY
U.S. DISTRICT JUDGE